IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

MARIO HUMBERTO
BARRERA FUENTES
3513 13th Street NW Apt. 103
Washington, DC 20010

      Plaintiff,

v.

J. C. ENTERPRISES, INC.
d/b/a HUNAN DYNASTY
215 Pennsylvania Avenue SE, 2nd Floor
Washington, DC 20003

      Defendant.

Civil Action No. _____

# COMPLAINT

## Introduction

1.  Defendant owns and operates a Chinese restaurant where plaintiff worked as a kitchen hand and laborer. Over the last 4 years, defendant paid plaintiff a sub-minimum wage. Defendant also did not pay plaintiff overtime.

2.  Plaintiff brings this action to recover damages for defendant's willful failure to pay plaintiff minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq.*; and the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*

**Jurisdiction and Venue**

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because defendant resides in this district, and a substantial part of the acts or omissions giving rise to plaintiff's claims occurred in this district.

**Parties**

5.     Plaintiff is an adult resident of Washington, DC.

6.     Defendant J. C. Enterprises, Inc. is a District of Columbia corporation with its principal place of business at: 215 Pennsylvania Avenue SE, 2nd Floor, Washington, DC 20003. J. C. Enterprises, Inc. does business as "Hunan Dynasty." J. C. Enterprises, Inc.'s resident agent for service of process is: Hui Zhang, 215 Pennsylvania Avenue SE, 2nd Floor, Washington, DC 20003.

**Factual Allegations**

7.     Defendant owns and operates a Chinese restaurant known as "Hunan Dynasty" in the Capitol Hill neighborhood of Washington, DC. The postal address for the restaurant is: 215 Pennsylvania Avenue SE, 2nd Floor, Washington, DC 20003.

8.     Plaintiff was employed in defendant's restaurant as a kitchen hand and general laborer. His duties included bussing tables, food preparation, preparing orders for delivery, and cleaning.

9.     Plaintiff was employed in defendant's restaurant from approximately September 10, 2010 through approximately December 15, 2014.

10.    Defendant took a leave of absence on December 16, 2014 in order to have surgery.

11.     At all relevant times, plaintiff worked approximately 66 hours per workweek on the premises of Hunan Dynasty. Plaintiff was required to work 12 hour shifts (10 a.m. – 10 a.m.), 6 days a week. He was permitted to take a one-hour lunch break each day.

12.     Apart from one week of sick leave in August 2012, and Thanksgiving Day, plaintiff did not receive time off from work.

13.     During plaintiff's employment, defendant paid him a salary of approximately the following amounts during each of the following approximate periods:

    a.     September 2010 – March 2011:       $750 every two weeks ($5.68/hour)

    b.     April 2011 – October 2011:          $800 every two weeks ($6.06/hour)

    c.     November 2011 – May 2012:           $850 every two weeks ($6.44/hour)

    d.     June 2012 – December 2012:          $900 every two weeks ($6.82/hour)

    e.     January 2013 – July 2013:           $950 every two weeks ($7.20/hour)

    f.     August 2013 – February 2014:        $1000 every two weeks ($7.58/hour)

    g.     March 2014 – December 2014:         $1050 every two weeks ($7.95/hour)

14.     Defendant always paid plaintiff with cash; Plaintiff never received a check or a paystub.

15.     From the beginning of plaintiff's employment until July 1, 2014, the federal minimum wage was $7.25 per hour, and the District of Columbia minimum wage was $8.25 per hour.

16.     From July 1, 2014 through the present, the federal minimum wage was $7.25 per hour, and the District of Columbia minimum wage was $9.50 per hour.

17.     At all relevant times, federal and D.C. law required defendant to pay plaintiff one and one half times the minimum wage for all hours worked over 40 in any one workweek.

18.     For Plaintiff's work in the three years preceding the filing of this complaint, defendant owes him approximately **$28,998.75** in minimum and overtime wages.

19. At all relevant times, defendant was an enterprise engaged in interstate commerce.

20. At all relevant times, defendant had more than two employees, and the annual gross volume of defendant's business exceeded $500,000.00.

21. At all relevant times, defendant had the power to fire plaintiff.

22. At all relevant times, defendant had the power to control plaintiff's work schedule.

23. At all relevant times, defendant had the power to set plaintiff's rate of pay.

24. At all relevant times, defendant did not maintain true and accurate records of each hour, day, and week worked by plaintiff, or of how much plaintiff was paid for his work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to plaintiff will only be known through discovery.

25. At all relevant times, defendant was aware that it was legally required to pay plaintiff the minimum wage.

26. At all relevant times, defendant was aware that it was legally required to pay plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

27. At all relevant times, defendant was aware that it was legally required to timely pay plaintiff all wages that plaintiff was legally due.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

28. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

29. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

30. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

31. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. 29 U.S.C. § 207(a)(1).

32. Defendant violated the FLSA by knowingly failing to pay the required minimum wage to plaintiff.

33. Defendant violated the FLSA by knowingly failing to pay plaintiff at least one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one work week.

34. Defendant's violations of the FLSA were willful.

35. For its violations of the FLSA, defendant is liable to plaintiff for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

36. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

37. Before July 1, 2014, the DCMWA required that employers pay non-exempt employees the federal minimum wage pursuant to the FLSA, plus $1.00. D.C. Code § 32-1003(a).

38. As of July 1, 2014, the DCMWA requires that employers pay non-exempt employees at least $9.50 per hour. D.C. Code § 32-1003(a).

39.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. D.C. Code § 32-1003(c).

40.     Defendant violated the DCMWA by knowingly failing to pay the required minimum wage to plaintiff.

41.     Defendant violated the DCMWA by knowingly failing to pay plaintiff one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one work week.

42.     Defendant's violations of the DCMWA were willful.

43.     For its violations of the DCMWA, defendant is liable to plaintiff for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

44.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

45.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

46.     For purposes of the DCWPCL, "wages" include, among other things, both minimum and overtime wages. D.C Code § 32-1301(3).

47.     Defendant violated the DCWPCL by knowingly failing to pay plaintiff all wages earned, including minimum and overtime wages.

48.     Defendant's violations of the DCWPCL were willful.

49.     For its violations of the DCWPCL, defendant is liable to plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against the defendant on all counts, and grant the following relief:

a.   Award plaintiff **$115,995.00**, consisting of the following overlapping elements:

   i.   unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii.  unpaid D.C. minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

   iii. unpaid wages, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.   Award plaintiff prejudgment and postjudgment interest as permitted by law.

c.   Award plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d.   Award plaintiff court costs; and

e.   Award any additional relief the Court deems just.

Date: 12/19/2014                                   Respectfully submitted,

                                                   /s/ Justin Zelikovitz, Esq.
                                                   Justin Zelikovitz, #986001
                                                   LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                                                   519 H Street, NW; Second Floor
                                                   Washington, DC 20001
                                                   Phone: (202) 803-6083
                                                   Fax: (202) 683-6102
                                                   justin@dcwagelaw.com

                                                   *Counsel for Plaintiff*